**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



AURORA VASQUEZ; H. L., Jr., a minor, by and through his Guardian Ad Litem Evonne Morales,

          Plaintiffs-Appellants,

  v.

COUNTY OF SANTA CLARA, a public entity; JOHN HIROKAWA; BLANCA HOYT; MEDICAL DIRECTOR OF SANTA CLARA VALLEY HEALTH AND HOSPITAL SYSTEM; MARYANN BARRY; HEALTH CARE MANAGER OF SANTA CLARA COUNTY MAIN JAIL COMPLEX; BEVERLY PURDY; NANCY MAGER; MICHAEL MANNSTOCK; LAURA FERGUSON; JAY CHOI; MARK NAVARETTE; ERICA RIVERA; MARK BRUGUERA,

          Defendants-Appellees.

No.   18-15097

D.C. No. 5:16-cv-05436-EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted July 16, 2019
San Francisco, California

Before: PAEZ and RAWLINSON, Circuit Judges, and HUCK,[**] District Judge.

Aurora Vasquez (Vasquez) and H.L., Jr. appeal the district court's order granting summary judgment in favor of the County of Santa Clara (County), various County employees, and the County Undersheriff in charge of the Department of Correction. The underlying lawsuit concerned the death of Hector Lozano (Lozano), Vasquez's son, who committed suicide while detained at the County's Main Jail. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the district court's grant of summary judgment. *See Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) (citation omitted). Viewing the evidence in the light most favorable to the non-moving party, we must determine whether a genuine issue of material fact was raised. *See id.*; *see also KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005).

**1.** The district court did not err when it concluded that Vasquez's claims under 42 U.S.C. § 1983 against the County, and County employees Michael

---

[**] The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

2

Mannstock (Mannstock) and Undersheriff Hirokowa (Hirokawa), failed.[1]   Claims brought by a pretrial detainee under § 1983 for violations of the right to adequate medical care are "evaluated under an objective deliberate indifference standard." *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-1125 (9th Cir. 2018) (citation omitted).  The record supports the district court's conclusion that Mannstock, the last mental health professional to evaluate Lozano before his suicide, was not deliberately indifferent to Lozano's medical needs.  *See id*.  Mannstock reviewed Lozano's medical records, consulted with the officer on duty, observed and conversed with Lozano, and, in his professional opinion, determined that Lozano was not suicidal.  At most, Mannstock provided negligent care, which does not raise a material issue of fact under the deliberate indifference standard.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Similarly, Vasquez failed to raise a material issue of fact regarding a "sufficient causal connection" between Sheriff Hirokawa's general supervision of the jail and the asserted constitutional violation.  *See Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (citation and internal quotation marks

---

[1]  On appeal, Vasquez discusses only these three defendants.

3

omitted).[2]  To establish liability against a municipal defendant, a pretrial detainee must satisfy a two-part test:  (1) there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation," and (2) the custom or policy must have been "adhered to with deliberate indifference to the constitutional rights of the jail's inhabitants." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1075-1076 (9th Cir. 2016) (citations, alteration, and internal quotation marks omitted).[3]  The record is replete with examples of mental health professionals at the Main Jail working exhaustively with Lozano to treat his illness. From the time Lozano arrived until his tragic death, he was inspected, monitored, and treated by trained counselors and medical health care professionals.  Nothing in the record raised a material issue of fact that a specific County policy, or lack of a policy, caused Lozano's death.  *See id.* at 1075-1076.

**2.**  Vasquez concedes that her California claim for wrongful death is tethered to her § 1983 claims.  Because we conclude that Vasquez failed to raise a material

---

[2]  Because the district court did not reach the issue of qualified immunity, we need not address it.  *See Gordon*, 888 F.3d at 1125 ("The district court did not reach [the qualified immunity] issue.  Accordingly, we decline to address the question of qualified immunity in the first instance.").

[3]  "[M]unicipal defendants may be liable under § 1983 even in situations in which no individual officer is held liable for violating a plaintiff's constitutional rights" if a municipal policy caused the constitutional harm.  *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 604 (9th Cir. 2019).

issue of fact as to her § 1983 claims, her wrongful death claim similarly fails. In any event, under California law, Mannstock and Hirokawa enjoy "broad general immunity," and, similar to the federal claims, California law does not create wrongful death liability "for malpractice in furnishing or obtaining that medical care." *Horton by Horton*, 915 F.3d at 609-10 (Bybee, J. dissenting in part) (citations omitted).

**3.** The district court also correctly granted summary judgment in favor of the defendants on Vasquez's claim under the Americans with Disabilities Act. As evidenced by the breadth of mental health resources expended on treating Lozano, no plausible argument could be made that Lozano was excluded from participation in the benefits of the Main Jail's programs or services "by reason of his [mental] disability." *Vos v. City of Newport Beach*, 892 F.3d 1024, 1036 (9th Cir. 2018) (citation and alteration omitted).

**AFFIRMED.**